IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| LARRY RAFIQ SAMUELS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:21-CV-00324-SPB-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| (FRM) SUPERINTENDENT M. OVERMYER, SUPERINTENDENT DEREK OBERLANDER, LT. WALKER, LT. DICKEY, | ) ) ) ) | MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| | ) | |
| Defendants, | ) | ECF NO. 9 |

MEMORANDUM OPINION

Plaintiff Larry Rafiq Samuels (Plaintiff), a prisoner in the custody of the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution at Forest (SCI-Forest), commenced this *pro se* action under 42 U.S.C. § 1983 by filing a motion to proceed *in forma pauperis*, which the Court granted on January 24, 2022. ECF No. 5. Pending before the Court is Plaintiff's motion for appointment of counsel, filed with a supporting brief. ECF Nos. 9, 10. For the following reasons, the Motion is DENIED, without prejudice.

I.      Standard of Review

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Third Circuit identified factors to be considered by a district court in exercising its discretion whether to "appoint" counsel under 28 U.S.C. § 1915(d).[1] These factors remain the relevant considerations for deciding Plaintiff's

---

[1] Although 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel, it allows the court to "request" an attorney to represent a litigant who is unable to employ counsel on his or his own. The importance of the distinction was recognized by the Supreme Court in *Mallard v. United States District Court*, 490 U.S. 296 (1989).

1

motion. *See, e.g.*, *Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and in law." *Tabron* at 155. The court should not request volunteer counsel unless the claim has some merit. *Id.* If this consideration is satisfied, the court must then consider the following factors to determine whether to seek counsel for the plaintiff:

1. the plaintiff's ability to present his or his own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or his own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

*Montgomery*, at 499 (quoting *Tabron*, at 155–157).

The Third Circuit has also recognized that there are significant practical restraints on the district court's ability to "appoint" counsel, including: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. There are also many cases in which district courts seek to appoint counsel but find no attorney willing to accept the appointment:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive filed, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decision in the area.

*Id.* at 157, n.7. The *Tabron* Court also recognized that volunteer lawyer time is extremely valuable, and a district court should not request counsel under § 1915 indiscriminately:

2

> Volunteer lawyer time is a precious commodity ... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id.* at 157.

While this Court would no doubt benefit from having capable, experienced counsel available to assist and advise all prisoners before they file suit and to represent all prisoner plaintiffs who survive dismissal (under 28 U.S.C. § 1915(e) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure), there are simply not enough attorneys in this District who are willing to undertake such representation. Besides the factors discussed by the Court of Appeals, this Court recognizes other factors that dissuade attorneys from representing prisoners. Simply interviewing a prisoner client requires a trip to a prison, sometimes at a great distance from the lawyer's office, and frequently a long wait at the prison until the prisoner can be produced for the interview.

The number of attorneys in this District who are available to volunteer to represent prisoners is limited while the number of prisoners who request counsel is high. Moreover, the Erie division of this District does not have a referral system in place, as does the Pittsburgh division, and few attorneys in the local Bar have expressed a willingness to handle these cases. This Court must carefully consider all the factors identified by the Court of Appeals as well as any other considerations related to the specific case in exercising its discretion when considering a motion for the "appointment" of counsel.

II.     Analysis

In his *pro se* complaint, Plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983 against corrections personnel at SCI-Forest. ECF No. 1. He claims violations of his rights under the Fourth, Eighth, and Fourteenth Amendments. His complaint alleges, among other things, that an inmate assaulted and injured him, corrections officers kept him in a dry cell, a hearing examiner improperly found him guilty on a misconduct charge, and prison officials denied him "z-code" status (and its attendant single-cell privilege). *See* ECF No. 7.

The undersigned's report and recommendation on Plaintiff's motion for a preliminary injunction concluded that Plaintiff had not shown a likelihood of success on the merits of any of his claims. *See* ECF No. 11, p. 5. At this stage of the litigation, it is too early to ascertain whether these claims ultimately have merit. Even so, for purposes of this motion, the Court will assume that Plaintiff's claims are potentially meritorious and will address his request under the six *Tabron* factors.

In moving for appointment of counsel, Plaintiff argues that he: 1) needs legal counsel to assist in his case; 2) cannot afford an attorney; 3) lacks familiarity with litigation; 4) cannot conduct necessary factual investigation due to his incarceration; 5) has a complex case; and 6) experiences anxiety, depression, and sleep deprivation. ECF Nos. 9, 10. He has sought representation from at least five law firms and legal organizations, all to no avail. ECF Nos. 10-1; 10-2; 10-3.

The first factor—the Plaintiff's ability to present his own case—weighs against appointment of counsel at this time. While the Complaint is not perfect in its structure, it and Plaintiff's other submissions to the Court reveal that he is literate and able to articulate the facts upon which he bases his claims. His forty-five-page Complaint is neatly typed, shows an

4

understanding of the basis for his claims, cites statutes, notes the constitutional rights which he believes have been violated, and includes dozens of pages of exhibits. ECF No. 7. His motion and supporting brief are also neatly typed, grammatically clear, and provide numerous citations to caselaw concerning the appoint of counsel. ECF Nos. 9, 10. These facts suggest that Plaintiff possesses the ability to present his own case, particularly at this stage in the litigation. *See Montgomery*, 294 F.3d at 501 (identifying several factors to consider with respect to a plaintiff's ability to present his case, including: "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English and the restraints placed upon a prisoner plaintiff by confinement."). And nowhere has Plaintiff indicated that he needs counsel because DOC officials have denied him law library access. *See Glenn v. McGrady*, 2013 WL 1402364, at *2 (M.D. Pa. Apr. 5, 2013) (denying appointment of counsel when plaintiff had some, although limited, law library access).

Although it is early in this litigation, Plaintiff's claims do not appear to present any particularly difficult legal issues. Thus, the second *Tabron* factor also weighs against appointment of counsel. As for the remaining *Tabron* factors, the Court notes that practically every case that proceeds to discovery involves a reasonable amount of factual investigation. Plaintiff's claims, however, do not appear to require especially complex credibility determinations or unusually burdensome discovery. Moreover, as a *pro se* litigant, Plaintiff will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny. The Supreme Court instructed in *Haines* that *pro se* pleadings should be held to less stringent standards than formal pleadings drafted by lawyers. *See id.* at 520-21. This may benefit his case more than an attorney who is unfamiliar with the types of issues presented in prison litigation.

Plaintiff also raises concern that his litigation will be hindered "because he will not be allowed to possess nonprivileged official prison documents, audio/video recordings, and/or any electronically stored information/devices..." ECF No. 9, ¶ 4. First, the Court cannot address in a motion to appoint counsel whether unspecified documents are privileged or accessible to Plaintiff. Even if pertinent documents are privileged, this is not now a relevant factor. Second, Plaintiff will have access to audio and video recordings along with electronically stored information—even without his own legal representation—consistent with DOC rules that serve a legitimate penological purpose and the rules governing discovery. *See* Fed. R. Civ. P. 26–37. Issues with such access may be addressed at an appropriate time upon proper motion.

Given the foregoing, the Court concludes that the *Tabron* factors weigh against the appointment of counsel at this stage in the litigation. An appropriate order follows.

ORDER

Plaintiff's Motion for appointment of counsel (ECF No. 9) is **DENIED**, without prejudice. Plaintiff may renew his Motion, if he so desires, at later stages of this litigation.

Moreover, Plaintiff is ORDERED to comply with the Court's Order of January 24, 2022, at ECF No. 6, that he must provide the Court with proper instructions for service upon each of the four named Defendants, including a U.S. Marshal Form 285 for each defendant, a completed notice and waiver of summons for each defendant, and one complete copy of his Complaint and its attached exhibits (127-pages) on or before March 30, 2022, subject to further extension upon reasonable request. Failure to comply with this order may result in the dismissal of Plaintiff's case for failure to prosecute.

It is so ordered.

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

Entered this 2nd day of March, 2022.